**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 10:03 AM July 17, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| TIMOTHY GRANT SPENCER, | ) | CASE NO. 19-41859 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

    Roger Bauer, counsel for Debtor, filed a motion to withdraw which Debtor opposes. The court held a telephonic hearing on June 4, 2020. Debtor, Mr. Bauer and Michael Gallo, chapter 13 trustee, participated in the hearing.

    The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

    On May 4, 2020, attorney for Debtor Roger Bauer filed a motion to withdraw as counsel for Debtor, citing irreconcilable differences in the attorney-client relationship. He specifically

mentioned two items: Debtor's failure to make payments for March and April and Debtor's leasing a new residence, at more than twice his previous rent, without permission of the bankruptcy court.

Debtor opposed the motion and requested a hearing, which the court held by telephone on June 4, 2020. Mr. Bauer, Debtor, and the chapter 13 trustee participated in the hearing. The following recitation is a summarization of comments made during the hearing. They are provided not as findings of fact, but merely as background information to provide context to the court's decision. Debtor was not under oath and not subject to any cross-examination and Mr. Bauer's comments were limited.

Debtor professed displeasure with the course of events leading into his chapter 13 case. He claims that he has been working with Mr. Bauer since June 2018 and initially saw him for the purpose of filing a chapter 7 case. The case was not filed for several months, during which time he allowed his real estate to go into foreclosure, on counsel's advice. He claims the delay was a hardship and stressful. He also stated that his income was in the $50,000 range in 2018.[1] At the time of his chapter 13 filing, he was living in a house owned by his mother and paying her rent.[2] When she elected to sell the real estate, which is documented in a letter presented by Mr. Bauer, he was forced to find another home. According to Mr. Bauer's motion to withdraw, Debtor is now leasing a home for $1,620.00 per month.

Debtor claims he contacted Mr. Bauer in March 2020 regarding his inability to make payments. Mr. Bauer acknowledges a conversation but states nothing was done about payments because Debtor's income had not changed. Debtor represented to the court that he used his March chapter 13 payment to stock up on supplies for his family, not knowing about the impact of COVID-19 and Ohio's stay-at-home order. Debtor and counsel talked at least one other time, followed by the present motion. At the hearing, Debtor represented he is now working every other week and expressed a desire to convert to chapter 7.

Michael Gallo, the chapter 13 trustee, informed the court that Debtor is three months delinquent on payments.

## **DISCUSSION**

The court does not take a request to withdraw as counsel in a pending chapter 13 case lightly. Withdrawal may leave a client unrepresented and generally unprepared to effectively maneuver the legal system. In recognition of this, Local Bankruptcy Rule 2091-1(a) requires an attorney to make a showing of "good cause" for withdrawal and allows the court to impose terms for withdrawal.

---

[1] Per Form 122C-1, Debtor's current monthly income at the time of filing was $87,999.96. The median income for a family of two in Ohio was $62,308.

[2] The amount is unclear. Debtor's schedules show a monthly housing payment of $450; Attorney Bauer's motion to withdrawal suggests the amount was $730.00.

2

Attorneys practicing in the bankruptcy court are bound by the Ohio Rules of Professional Conduct. Loc.Bankr.R. 2090-2. Professional Rule 1.16 covers withdrawal. Under 1.16(a), three situations mandate withdrawal, none of which are present. Rule 1.16(b) outlines situations where counsel may permissively withdraw. The following three are possibly implicated in this case:

> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;
>
> (9) other good cause for withdrawal exists.

After full consideration of these bases for withdrawal, and the parties' relationship, the court is going to grant Mr. Bauer's request and permit him to withdraw, albeit with hesitation.

Standing alone, Mr. Bauer's motion does not establish good cause for withdrawal. Chapter 13 bankruptcy debtors fail to make payments with regularity. It is a hazard of representing a chapter 13 debtor. The fact that Debtor did not make payments for March and April is not cause for withdrawal. Similarly, it is not surprising that a debtor may incur debt or take action that does not comply with the terms of a chapter 13 plan. A plan is often subject to the personality traits of a debtor, be they recalcitrant, ignorant or indifferent. A debtor's attorney should expect to navigate occasional missteps by a debtor.

Moreover, Debtor opposed Mr. Bauer's withdrawal. Generally, when an attorney-client relationship is irretrievably broken, the parties have a mutual desire to part ways. In spite of these facts, the court finds it unlikely, based on Debtor's comments during the hearing, that he maintains confidence in Mr. Bauer.

Debtor does not want to be in a chapter 13 case. He wanted to file a chapter 7 and now wants to convert to chapter 7. He expressed dismay about the time it took to file his case, and commented that if a chapter 7 was filed, it would be over and done with by now. While the court does not have Mr. Bauer's side of the facts, it has enough facts to determine that the communications between the two are unfruitful.

The best analogy to the issues between Debtor and Mr. Bauer may look at authority that discuss grievances and malpractice actions. A lack of confidence and breakdown of the relationship is at their core. Even the suggestion of filing of an action can warrant withdrawal. Eaton v. CocaCola Co., 640 F.Supp.2nd 203 (D. Conn. 2009). Actually filing an action is often a death harbinger. Kryder v. Estate of Rogers, 321 F.Supp.3d 803 (M.D. Tenn. 2018); CP Solutions PTE, Ltd. v. General Elec. Co., 550 F.Supp.2d 298 (D. Conn. 2008) (stating the filing of an action is a "de facto" termination of the attorney-client relationship). Debtor's concerns and his position suggest further representation by Mr. Bauer would be unreasonably difficult.

Consequently, the court finds cause to grant the motion and will do so by a separate order to be issued immediately.

# # #

**Service List:**

Roger R. Bauer
244 Seneca Avenue NE
Warren, OH 44481

Timothy Grant Spencer
1020 Chrysann Drive
Girard, OH 44481

Michael A. Gallo
5048 Belmont Avenue
Youngstown, OH 44505